**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10108

Non-Argument Calendar

_____

DONALD ARBY VAN DORSTEN, JR.,

*Plaintiff-Appellant,*

*versus*

WAL-MART STORES EAST, LP,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-1970-WWB-DCI

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

While shopping at Wal-Mart, Donald Van Dorsten slipped on a puddle and fell. He sustained serious injuries to his back,

which required multiple surgeries.  He sued Wal-Mart for damages under Florida tort law, claiming the store's constructive knowledge of the puddle made it liable for his injuries.  The district court granted Wal-Mart's motion for summary judgment, and Van Dorsten appealed.  We reverse and remand for further proceedings.

## I

Here's what we know.  Van Dorsten was shopping at Wal-Mart.  He slipped on a puddle of clear liquid and fell, injuring his back.  He didn't notice the liquid before he slipped.  In the leadup to his fall, a family (including a small child) parked its shopping cart over that spot.  Multiple customers and employees walked around the surrounding area.  Since his fall, Van Dorsten has undergone at least four surgeries.

Here's what we don't know:  (1) How did the liquid accumulate on the floor?  (2) Over what period did the liquid accumulate?  (3) How long was there a full-blown puddle on the floor?  (4) Did the employees who walked by see the puddle?  Based on the record as it currently exists, these questions can only be answered by inference.

Van Dorsten sued Wal-Mart for damages resulting from his fall.  He argues (1) that Wal-Mart had constructive knowledge of the puddle and (2) that because it took no precautionary steps to eliminate the hazard, he is entitled to relief.  Because the parties are diverse, and because Van Dorsten alleges damages in excess of $75,000, Wal-Mart removed this case to federal court and then moved for summary judgment, which the district court granted.

This is Van Dorsten's appeal.

## II

"We review a district court's grant of summary judgment *de novo*, viewing all the evidence" in the light most favorable to the non-moving party and "drawing all reasonable factual inferences," in that party's favor. *Baxter v. Santiago-Miranda*, 121 F.4th 873, 883 (11th Cir. 2024). To warrant summary judgment in its favor, Wal-Mart must show "that there is no genuine dispute as to any material fact." Fed. R. Civ. Proc. 56(a). To defeat summary judgment, Van Dorsten must prove that "a reasonable jury could return a verdict" in his favor on facts that "might affect the outcome of the suit." *Richmond v. Badia*, 47 F.4th 1172, 1179 (11th Cir. 2022).

## III

### A

In Florida, premises liability is governed by Florida Statute § 768.0755,[1] which requires patrons who "slip[] and fall[] on a transitory foreign substance in a business establishment" to prove that the business had either "actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Van Dorsten doesn't argue that Wal-Mart had actual knowledge of the puddle, so he's left to demonstrate constructive knowledge. Florida allows plaintiffs to prove constructive knowledge using "circumstantial evidence" either that

---

[1] Both parties agree that because this case arose in Florida and is grounded in diversity jurisdiction, Florida tort law governs.

"[t]he dangerous condition existed for such a length of time" that the business "should have known of the condition" or that "[t]he condition occurred with [such] regularity" that it was "foreseeable." *Id*. § 768.0755(1)(a)–(b).

Van Dorsten contends that Wal-Mart had constructive knowledge of the puddle twice over. First, he alleges that the puddle sat on the floor for so long that the employees should have discovered and rectified it. As proof, he presented (1) photos of the puddle, taken after he slipped, showing dirty water and drying around the edges, and (2) extended security-camera footage of the area where he fell, showing that there was a lot more foot traffic—both employees and customers—than just the family hovering over the spot seven minutes prior to the fall.

Second, he alleges that because the store regularly had ceiling leaks and liquid spills in the past, the employees should have had a more vigilant eye for this foreseeable condition. Here, Van Dorsten relies on the testimony of Wal-Mart employee Josh Kersey that leaks, spills, and slip-and-falls were commonplace. Because of their regularity, Van Dorsten argues, puddles are foreseeable and Wal-Mart "should have discovered [this puddle's] presence through the exercise of ordinary care." Br. of Appellant at 37.

For its part, Wal-Mart counters that the photos show a clean liquid that only dried after Van Dorsten slipped on it, that the security footage traces the origin of the liquid to a child in a shopping cart above the puddle seven minutes prior to the fall, and that

Kersey's testimony does not establish that there were regular leaks *in that spot* sufficient to make this puddle foreseeable.

The district court agreed with Wal-Mart, finding that "the video clearly shows that the liquid accumulated between six and seven minutes prior to" Van Dorsten's fall when a family briefly stood over the area. App. Vol. 2 at 247. And, because the district court didn't think seven minutes was enough time to impute constructive knowledge to Wal-Mart, it held that Wal-Mart couldn't be held responsible for Van Dorsten's injuries. The district court also agreed with Wal-Mart that Kersey's testimony failed to create a "genuine issue of material fact regarding foreseeability of the type of accident at issue in this case." App. Vol. 2 at 250.

**B**

We hold that the district court misapplied our standards governing summary judgment. As already explained, we must "view[] all evidence" and "draw[] all reasonable factual inferences" in Van Dorsten's favor. *Richmond*, 47 F.4th at 1179. And we "accept video evidence over the nonmoving party's account when," but only when, "the former obviously contradicts the latter." *Id.*; *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The district court relied on circumstantial evidence to find that the spill came from the child in the shopping cart—in particular, it relied on inferences that it granted in Wal-Mart's favor. As we understand the district court's decision, it concluded that because a child sitting in a shopping cart parked above the puddle was

holding *something*, and because, after the family moved, the blurry CCTV footage had a speck of *something* on the spot where Van Dorsten fell, there was "direct evidence" that the child created the puddle. App. Vol. 2 at 247–48. If the district court's telling were correct, then the puddle would have existed for only about seven minutes, which might not be long enough to impute constructive knowledge under Florida law. *Id.*

But the video is far from clear, leaving many genuine disputes unresolved. What was the child holding? Was it a drink? Or might it instead have been a snack or a toy? And even if we were to grant that the speck on the footage was indeed liquid on the ground rather than dirt on the camera, what is the direct evidence that it came from the child? If it was liquid on the ground, is there another explanation for why it suddenly reflected light after the shopping cart rolled over it? Could the cart have rolled over a preexisting puddle, causing it to shift and now reflect an overhead light? Other patrons and employees walked across this area both before the family parked its cart there and after. Did they see a puddle? Should they have seen it, but missed it? Did the employees ignore it? What do we make of the nearby wet-floor sign; was it close enough that Van Dorsten was on notice or was it too far away? Was the sign erected because of our puddle? Does that mean it pre-dated the child in the cart?

Viewing the evidence and drawing all inferences in Van Dorsten's favor, "a reasonable jury could return a verdict" resolving any of these facts in his favor. *Richmond*, 47 F.4th at 1179. But the

district court drew all its inferences in Wal-Mart's favor, determining that everything was explained by the video of the child in the cart. Before the shopping cart, there was no speck; after the shopping cart, there was a speck—end of story. In so doing, the court improperly applied the summary-judgment standard. The video is not sufficiently clear to resolve any genuine issues of material fact at this point.

### C

Similarly, there is a genuine dispute over whether Josh Kersey's testimony made Van Dorsten's slip and fall foreseeable. The district court faulted Van Dorsten for failing to point "to any legal authority that general testimony that spills are common in a business is sufficient to show regularity or foreseeability." App. Vol. 2 at 250. If the district court meant to suggest that, as a matter of law, foreseeability can't be demonstrated by "general testimony"—which we take to mean testimony concerning conditions in the store generally, rather than the condition at the site of this puddle, in particular—we're dubious. The district court didn't cite, and we haven't found, any Florida cases indicating any such per se rule. And in fact, our own research reveals that some Florida decisions have found such testimony sufficient, while others have found it insufficient. *Compare, e.g.*, *Walker v. Winn-Dixie Stores, Inc.*, 160 So. 3d 909, 913 (Fla. 1st Dist. Ct. App. 2014) (noting that the plaintiff failed to present evidence of regular wet conditions in the specific spot where she fell), *with, e.g.*, *Loren v. Once Upon a Time Group, Corp.*, 415 So. 3d 222, 227–28 (Fla. 4th Dist. Ct. App. 2025) (finding that

the plaintiff defeated defendant's motion for directed verdict by presenting evidence of regular wet conditions around the business).

Whether Kersey's "general testimony" is sufficient to demonstrate foreseeability is, we think, a factual determination best suited for a jury, rather than a legal question suited for a judge. Kersey testified that spills were frequent and that "generally the grocery side of the store was more likely to experience liquids on the floor than other parts of the store." App. Vol. 2 at 266. And, as the district court itself highlighted, Van Dorsten "fell in the entry area leading into the grocery portion of the store." *Id.* In any event, a jury should assess whether Kersey's testimony made Van Dorsten's injury foreseeable such that it imputes constructive knowledge to Wal-Mart.

### III

There are genuine disputes of material fact remaining in this case, and a jury should decide them. Instead of viewing all evidence and drawing all inferences in Van Dorsten's favor, the district court seems to have given Wal-Mart the benefit of the doubt. Accordingly, we **REVERSE** the district court's order granting defendant's motion for summary judgment and **REMAND** for further proceedings.